Nightingale v. State.

---

EDWARD NIGHTINGALE V. STATE OF NEBRASKA.

FILED JULY 10, 1901. No. 11,951.

1. **Deputy Clerk of Court May Swear Prosecutor to Information.** A deputy clerk of the district court has authority to swear the county attorney to an information in a criminal case.

2. **If Answer to Improper Question Has No Prejudicial Tendency, Not Reversible Error.** The overruling of an objection to an improper question propounded to one of the witnesses for the defendant in a criminal case is not reversible error if the answer of the witness has no prejudicial tendency.

3. **Trial Judge May Cross-Examine Witness for Accused.** The trial judge may cross-examine witnesses for the accused, in a criminal case, in order to prevent a miscarriage of justice, but the

right to do so should be exercised sparingly and with great discretion.

4. **Reasonable Doubt.** The court as part of its charge gave to the jury an instruction on the subject of reasonable doubt almost identical with the one set out in the fifth point of the syllabus to *Willis v. State*, 43 Nebr., 102. *Held*, Not error.

5. **Where Defense Is Alibi, Presence of Accused at Locus in Quo Must Be Established Beyond Reasonable Doubt.** An instruction in which the court said to the jury that the evidence tended to show that the defendant was, when the crime was being committed, at such a distant and different place that he could not have participated in its commission, and that they should acquit unless the evidence satisfied them beyond a reasonable doubt that he was present when the crime was committed, *held* not error.

ERROR from the district court for Douglas county. Tried below before BAKER, J. *Affirmed.*

*John M. Macfarland,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, Deputy,* for the state.

SULLIVAN, J.

In the district court for Douglas county Edward Nightingale was charged with the crime of robbery. The jury found him guilty and he was sentenced to imprisonment in the penitentiary for a period of ten years. The testimony given by the state to establish defendant's guilt was direct, positive and, in our opinion, quite sufficient. The crime was a bold and reckless one committed in broad daylight in a saloon in the city of South Omaha. That the prosecuting witness was robbed by some one seems to be admitted. Two witnesses identified the defendant as the robber, and a third claimed to have received from him an order for the payment of money which was one of the fruits of the crime. The defense relied upon was an alibi, but the evidence in support of it is neither satisfactory nor convincing. Certainly it is not so persuasive as to compel belief,

The second specification of error discussed by counsel is that the information was not properly verified. It was sworn to before the deputy clerk of the district court, who had, by virtue of his appointment, all the power and authority in the premises that his principal possessed. In the absence of an implication to the contrary in the statute the rule is that a deputy is authorized to do any official act that may be done by his principal. In *Scottish-American Mortgage Co. v. Nye,* 58 Nebr., 661, it was decided that a deputy sheriff has authority to appraise property for the purpose of a judicial sale; and in other cases it was held that such an appraisement is not a ministerial, but a judicial act. *Vought v. Foxworthy,* 38 Nebr., 790; *Ecklund v. Willis,* 44 Nebr., 129; *Kearncy Land & Investment Co. v. Aspinwall,* 45 Nebr., 601; *Burkett v. Clark,* 46 Nebr., 466. That the clerk of the district court has authority to swear the county attorney to an information in a criminal case is settled in this state by *State v. Lauver,* 26 Nebr., 757, *Sharp v. State,* 61 Nebr., 187, and *Trimble v. State,* 61 Nebr., 604.

Defendant excepted to a ruling by which one of his witnesses was required to answer this question: "Are you related to Mr. Boylan, who was charged in this court with Mr. Nightingale's son in some crime?" While the ruling is not to be commended, it affords no ground for reversing the judgment. · The answer cast no imputation on the prisoner; it afforded no ground for an inference that he had been previously charged with the commission of a public offense of any grade.

It is alleged as error that the trial judge was perniciously active in assisting the county attorney during the progress of the trial. The record, we regret to say, does show that the learned judge did on several occasions interrogate defendant's witnesses, but the questions propounded were not important and they elicited no material information. It can not be fairly said, we think, that the indiscretion complained of is ground for reversal. When the interests of the state are manifestly in incompetent

hands, the presiding judge may, to prevent a miscarriage of justice, examine witnesses who have testified on behalf of a person charged with crime; but, as was said by Reese, J., in *Fager v. State*, 22 Nebr., 332, the right to do so should be exercised sparingly and with great discretion. In this case there was clearly no occasion for the court to take charge of the cross-examination of defendant's witnesses, for the state was represented by an able and zealous prosecutor.

The giving of the seventh paragraph of the court's charge to the jury is assigned for error. This instruction, at least the part of it to which counsel objects, was given in the *Anarchists' Case* (*Spies v. People*, 122 Ill., 1), and will be found in Sackett on Instructions to Juries [2d ed.], p. 716. To the writer it has always seemed objectionable, as tending to obscure a plain matter by prodigality of definition. But in *Willis v. State*, 43 Nebr., 102, it was distinctly approved, in an opinion by Commissioner Ragan; and in other cases in which it was challenged it was not condemned. *Barney v. State*, 49 Nebr., 515; *Leisenberg v. State*, 60 Nebr., 628; *Savary v. State*, 62 Nebr., 166. It must now be regarded as an instruction which it is not error to give.

The fifth paragraph of the charge is as follows: "There is evidence in this case tending to show an alibi, that is, at the time the crime, with which the defendant stands charged, was being committed, the defendant was at such a distance and different place that he could not have participated in its commission. You will carefully consider the testimony on the subject of an alibi, with all the other evidence in the case, and from that if you are not satisfied beyond a reasonable doubt of the defendant's presence at the commission of the crime charged against him, then you should acquit him; but after a full and careful consideration of all the evidence in the case you are satisfied of the guilt of the defendant, then you should find him guilty." This instruction, we think, is not subject to any just criticism. It did not say to the jury, as it was as-

sumed the instruction in *Peyton v. State,* 54 Nebr., 188, did, that to entitle the defense of alibi to consideration it must appear that the place where the defendant claimed to have been was so great a distance from the place where the crime was committed as to preclude the possibility of participation therein.

There is no reversible error in the record and the sentence is, therefore,

AFFIRMED.